# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-KA-01332-COA

**ENRICKO HOLLIS A/K/A ENRIKO SIMENTO HOLLIS**                    APPELLANT

**v.**

**STATE OF MISSISSIPPI**                    APPELLEE

DATE OF JUDGMENT:           08/31/2017
TRIAL JUDGE:                HON. GEORGE M. MITCHELL JR.
COURT FROM WHICH APPEALED:  GRENADA COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:     OFFICE OF STATE PUBLIC DEFENDER
                            BY: ERIN E. BRIGGS
ATTORNEY FOR APPELLEE:      OFFICE OF THE ATTORNEY GENERAL
                            BY: ABBIE EASON KOONCE
DISTRICT ATTORNEY:          DOUG EVANS
NATURE OF THE CASE:         CRIMINAL - FELONY
DISPOSITION:                AFFIRMED: 01/29/2019
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**EN BANC.**

**GRIFFIS, C.J., FOR THE COURT:**

¶1.     Enricko Hollis was convicted of touching a child for lustful purposes. Hollis appealed, and his appellate counsel filed a brief pursuant to *Lindsey v. State*, 939 So. 2d 743 (Miss. 2005). Hollis's counsel asserts she has searched the record but is unable to find any arguable issues for appellate review. Hollis was given the opportunity to file a pro se brief but declined. We find no error and affirm.

FACTS AND PROCEDURAL HISTORY

¶2.    In July 2016, thirteen-year-old Melanie[1] went to Hollis's house to visit and play with Hollis's fiancee's son. Hollis and Melanie's mother had previously been in a relationship and have a son. Their son, Melanie's half-brother, was also at Hollis's house, along with some other children. Hollis was the only adult present.

¶3.    According to Melanie, she was sitting on the couch in the living room watching television when Hollis came over and touched her breasts with his hands. When Melanie got up to go into another room, Hollis grabbed Melanie by the waist, took her into the master bedroom, laid her on the bed, unbuttoned her pants, and pulled out his penis. Hollis then touched her breasts and rubbed her legs with his hands. When Hollis heard someone coming, he pulled up his pants. Melanie went into the bathroom and cried. Melanie did not tell anyone what had happened because she was embarrassed. It was not until her mother found messages from Hollis on Melanie's cell phone that Melanie revealed what had happened.

¶4.    Melanie's mother contacted the Grenada Police Department. After speaking with both Melanie and her mother, Detective Kenith Sanders interviewed Hollis. Hollis waived his *Miranda* rights[2] and provided both a recorded statement and a written statement to Detective Sanders. In both statements, Hollis admitted to touching Melanie's breasts. Hollis further admitted to texting Melanie and exchanging nude pictures with her.

¶5.    The recorded interview was conducted at 8:20 p.m. on July 25, 2016, and lasted

---

[1] We substitute a fictitious name for the minor child in order to protect her identity.

[2] *Miranda v. Arizona*, 384 U.S. 436 (1966).

2

approximately twenty minutes. Following his recorded statement, Hollis provided a written statement. In his written statement, Hollis asserted that "[e]verything started out innocent (texting)." Hollis explained that after he "touched her breasts," he "texted a lot of different stuff but never touched her in any other way." Hollis acknowledged that he "was stupid for ever texting a 13-year old" and was "[r]eally sorry for all this mess [he] ha[s] caused."

¶6. At trial, the recorded statement and the written statement were admitted into evidence and published to the jury. Following the admission of the statements, Hollis testified and denied ever touching Melanie. Although he acknowledged that he was not forced in any way to give the statements, Hollis testified that he felt pressured to give a statement because Detective Sanders "kept asking [him] the same questions." Hollis further testified that he was "scared," "tired," and "ready to go home," which was why he admitted to "a felony sex crime."

¶7. Following his conviction, Hollis was sentenced to serve ten years in the custody of the Mississippi Department of Corrections (MDOC) and ordered to pay a $1,000 fine to the Mississippi Children's Trust Fund and all court costs. Hollis was further ordered to register as a sex offender upon his release from MDOC custody.

¶8. Hollis subsequently filed a motion for a judgment notwithstanding the verdict or, alternatively, a new trial, which the circuit court denied. Hollis timely appealed.

ANALYSIS

¶9. In *Lindsey*, the Mississippi Supreme Court implemented the following procedure for

3

cases where appellate counsel does not believe any arguable issues exist for appellate review:

> (1)  Counsel must file and serve a brief in compliance with Mississippi Rule of Appellate Procedure 28(a)(1)-[(5), (8)].

> (2)  As a part of the brief filed in compliance with Rule 28, counsel must certify that there are no arguable issues supporting the client's appeal, and he or she has reached this conclusion after scouring the record thoroughly, specifically examining: (a) the reason for the arrest and the circumstances surrounding the arrest; (b) any possible violations of the client's right to counsel; (c) the entire trial transcript; (d) all rulings of the trial court; (e) possible prosecutorial misconduct; (f) all jury instructions; (g) all exhibits, whether admitted into evidence or not; and (h) possible misapplication of the law in sentencing.

> (3)  Counsel must then send a copy of the appellate brief to the defendant, inform the client that counsel could find no arguable issues in the record, and advise the client of his or her right to file a pro se brief.

> (4) Should the defendant then raise any arguable issues or should the appellate court discover any arguable issue in its review of the record, the court must, if circumstances warrant, require appellate counsel to submit supplemental briefing on the issue, regardless of the probability of the defendant's success on appeal.

> (5)  Once briefing is complete, the appellate court must consider the case on the merits and render a decision.

*Lindsey*, 939 So. 2d at 748 (¶18) (citations omitted).

¶10.    Here, Hollis's counsel filed a brief in compliance with Rule 28 and stated that she had "diligently searched the procedural and factual history . . . and scoured the record" but was unable to find any arguable issues that she could present in good faith for appellate review. Specifically, Hollis's counsel stated that she had "considered, reviewed[,] and included in [her] search" the following: (a) the reason for the arrest and the circumstances surrounding

4

the arrest; (b) any possible violation of Hollis's right to counsel; (c) the entire trial transcript; (d) all rulings of the trial court; (e) possible prosecutorial misconduct; (f) all jury instructions; (g) all exhibits, whether admitted into evidence or not; (h) possible misapplication of the law in sentencing; (i) the indictment and all pleadings in the record; and (j) any possible ineffective-assistance-of-counsel issues. Hollis's counsel concluded that, pursuant to *Lindsey*, she found no arguable issues for appellate review.

¶11. Hollis's counsel sent a copy of the brief to Hollis and advised Hollis that although she found no arguable issues in the record, Hollis had the right to file a pro se brief. The record shows Hollis was given approximately forty-seven days[3] but did not file a brief.

¶12. We have independently reviewed the record. We find no arguable issues that require supplemental briefing or further review. We therefore affirm the judgment.

¶13. **AFFIRMED.**

**BARNES AND CARLTON, P.JJ., WILSON, GREENLEE, WESTBROOKS, TINDELL, McDONALD, LAWRENCE AND McCARTY, JJ., CONCUR.**

---

[3] On August 1, 2018, this Court entered an order allowing Hollis until September 17, 2018, to file a pro se brief.